**WARE, FRESSOLA, MAGUIRE & BARBER LLP**
Brian L. Wamsley (BW1439)
755 Main Street, P.O. Box 224
Monroe, CT  06468
Telephone: (203) 261-1234
Facsimile: (203) 261-5676

Attorneys for Plaintiff
International Leisure Products, Inc.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERNATIONAL LEISURE PRODUCTS, INC., : : : | Civil Action No.   2:17 -cv- 4758 |
| Plaintiff, : : | |
| v. : : | **COMPLAINT** (Jury Trial Demanded) |
| FLOATIE KINGS and JONAS JOHANSSON, : : : | |
| Defendants : : | |

Plaintiff International Leisure Products, Inc., also doing business as "Swimline" (collectively "ILP"), by its undersigned counsel, for its complaint against Floatie Kings and Jonas Johansson (collectively "Defendants"), hereby alleges as follows:

### NATURE OF THE CASE

1.      This is an action for infringement of the trade dress of ILP's highly successful GIANT SWAN® inflatable swan pool toy ("the Swan Trade Dress"), as well as for related false designation of origin, unfair competition, dilution and unjust enrichment.  ILP's Swan Trade Dress is highly distinctive and strongly associated in the minds of consumers with ILP's high quality inflatable swimming pool toys.  Defendants have wrongfully copied ILP's Swan Trade

Dress to make "knock off" or close simulation versions of ILP's well-know, indeed famous, GIANT SWAN® inflatable swan pool toy, which Defendants are now distributing across the country on at least their website and internet outlets.  Such blatant misappropriation of the goodwill that ILP has developed in its Swan Trade Dress for the aforementioned pool toy and GIANT SWAN® pool toy product line constitutes, among other things, trade dress infringement under the federal Lanham Act, and both federal and state law dilution.  ILP accordingly seeks injunctive relief and money damages for: (i) trade dress infringement in violation of Section 43(a) of the Lanham Act; (ii) false designation of origin in violation of Section 43(a) of the Lanham Act; (iii) unfair competition in violation of Section 43(a) of the Lanham Act; (iv) trade dress dilution in violation of Section 43(c) of the Lanham Act; (v) state and common law trademark infringement pursuant to N.Y. Gen. Bus. Law §360 *et seq.* and N.Y. Gen. Bus. Law §360-o, (vi) state law dilution pursuant to N.Y. Gen. Bus. Law §360-e; and (vii) unjust enrichment.

2.      This is also an action for infringement of the trade dress of ILP's highly successful Giant Inflatable Pizza Slice pool toy ("the Pizza Slice Design"), as well as related false designation of origin and unjust enrichment.  ILP's Pizza Slice Design is highly distinctive and strongly associated in the minds of consumers with ILP's high quality inflatable swimming pool toys.  Defendants have wrongfully copied ILP's Pizza Slice Design to make "knock off" or close simulation versions of ILP's well-known, famous Pizza Slice pool toy, which Defendants are now distributing across the country on at least internet outlets.  Such blatant misappropriation of the goodwill that ILP has developed in its Pizza Slice pool toy constitutes, among other things, trade dress infringement under the federal Lanham Act, and both federal and state law dilution. ILP accordingly seeks injunctive relief and money damages for: (i) trade dress infringement in

violation of Section 43(a) of the Lanham Act; (ii) false designation of origin in violation of Section 43(a) of the Lanham Act; (iii) unfair competition in violation of Section 43(a) of the Lanham Act; (iv) trade dress dilution in violation of Section 43(c) of the Lanham Act; (v) state and common law trademark infringement pursuant to N.Y. Gen. Bus. Law §360 *et seq.* and N.Y. Gen. Bus. Law §360-o, (vi) state law dilution pursuant to N.Y. Gen. Bus. Law §360-e; and (vii) unjust enrichment.

3.      This is a further action for infringement of ILP's copyright entitled "Pool Pizza Slice" for its Pizza Slice pool toy.   Defendants have wrongfully copied ILP's Pizza Slice imagery to make "knock off" or close simulation versions of ILP's copyrighted Pizza Slice pool toy, which Defendants are now distributing across the country on at least internet outlets.  Such blatant misappropriation of the imagery that ILP has created and fixed in its Pizza Slice pool toy constitutes, among other things, copyright infringement under the federal Copyright Act, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338 and 1367, in that the claims set forth arise out of and/or are closely related to a trade dress and unfair competition dispute that arises under the federal Lanham Act, 15 U.S.C. §1114 *et seq.*, and a copyright dispute arising under the federal Copyright Act, 17 U.S.C. § 101 *et seq.*

5.      This Court has personal jurisdiction over Defendants because Defendants are doing business in this judicial district.

6.      Venue is proper pursuant to 28 U.S.C. §§1391(b) and (c) because a substantial part of the events giving rise to the claims in this action occurred in this judicial district and

because ILP resides in this judicial district.

## PARTIES

7.      Plaintiff ILP is a New York corporation with a principal place of business at 191 Rodeo Drive, Edgewood, NY  11717.

8.      On information and belief, defendant Floatie Kings is a corporate entity of Florida, with an identified principal place of business at 1300 S. Miami Avenue, Suite 1805, Miami, Florida 33130.

9.      On information and belief, defendant Jonas Johansson ("Johansson"), is an individual of Florida, with an identified principal address at 1300 S. Miami Avenue, Suite 1805, Miami, Florida 33130.  On further information and belief, Johansson is a principal or corporate officer of defendant Floatie Kings.

## FACTUAL ALLEGATIONS RELATING TO SOURCE CONFUSION

### History of ILP's GIANT SWAN® Brand

10.      For more nearly 10 years, ILP has manufactured and sold high quality inflatable swimming pool products under the GIANT SWAN® brand.  ILP's GIANT SWAN® inflatable swimming pool toy products are widely sold across the country in interstate commerce through retail and online outlets.

11.      For years, ILP has used a distinctive fanciful portrayal of various facial and other body features as a proprietary trade dress and decorative sign ("Swan Trade Dress"), in the advertising, packaging and indication of source for its GIANT SWAN® inflatable swan pool toy, and more broadly its inflatable pool toy product line.  Substantial brand awareness and goodwill in the Swan Trade Dress has resulted due, among other things, to extensive advertising and promotional efforts, and extensive sales.  GIANT SWAN® inflatable pool toy products have

been advertised through major media outlets in the United States, including the Internet, magazines, catalogs and the advertising of its many distributors, such as Amazon.

12.     Thus, in or around 2007, ILP introduced the GIANT SWAN® inflatable swan pool toy.  ILP's GIANT SWAN® inflatable swan pool toy has consistently been a market leader in the field.  In the more than 9 years since introducing the pool toy, ILP has built substantial brand awareness of and goodwill in the Swan Trade Dress of its GIANT SWAN® inflatable swan and other pool toys through, among other things, extensive advertising, promotional efforts and sales as aforesaid.  In addition, in at least the last two years, ILP's GIANT SWAN® inflatable pool toy products have received unsolicited publicity, reviews and news coverage stemming from their popularity and use by celebrities.  ILP has invested more than $1 million in advertising and promoting its GIANT SWAN® inflatable swan pool toy since its launch.  To date, ILP has invested more than $1.3 million dollars in advertising and promoting its GIANT SWAN® pool toy product line.

13.     ILP's GIANT SWAN® inflatable pool toy product line comprises inflatable swimming pool toy products incorporating the Swan Trade Dress, as more specifically characterized in the following section, including *inter alia* inflatable swans of different sizes and colors, inflatable flamingoes, ducks, toucans, parrots and eagles.  The GIANT SWAN® inflatable pool toy product line generates at least $6 million in sales per year.  The GIANT SWAN® inflatable swan pool toy accounts for roughly 50% of those sales per year.

**ILP'S Swan Trade Dress**

14.     ILP is the owner of all right, title and interest in the highly distinctive Swan Trade Dress that it uses in promoting and selling its inflatable swimming pool toy products, including ILP's GIANT SWAN® inflatable swan pool toy.  The Swan Trade Dress comprises fanciful

elements that individually and in combination create an overall distinctive appearance that is readily identifiable by consumers as signifying a product originating with ILP or GIANT SWAN® brand and/or indicating the source or quality level of the Swan toy product.

15.     ILP's Swan Trade Dress is incorporated directly in the inflatable swimming pool products marketed under the GIANT SWAN® brand, depicted in advertising of the products, and displayed on the packaging that ILP has used for its GIANT SWAN® inflatable swan pool toy product.

16.     The Swan Trade Dress is shown in the following image below



17.     As appears from such image in Paragraph 16, the Swan Trade Dress comprises a composite arrangement of distinctive elements that are both individually and collectively ornamental and do not serve any functional purpose, as listed and described (with reference to the aforementioned image) hereinafter:

a.      the circular or elliptical periphery and recessed interior configuration of the inflatable base with a height in proportion to the circumference of the base to provide a pleasing appearance;

b.      the substantially vertical inclination and straight line of the "neck" portion projecting from the periphery of the base, the neck having a particular thickness and height to be in aesthetic proportion to the base;

c.      the stylized depiction of the head including the face of a bird, wherein the stylized countenance has two eyes each having a dark periphery and a light or white center, and a bill or beak surrounded by a shaped border that merges with the periphery of the eyes;

d.      the elongated tubular shape of the stylized appendages located on opposite sides of the base, with a height and thickness in aesthetic proportion to the base and optional horizontal arcing lines, the stylized appendages being present instead of a bird's wings and also optionally having a generally conical upwardly inclined protuberance;

e.      the conical shape of the tail, and the substantially upward inclination of that conical shape from the periphery of the base at the end opposite that from which extends from the neck;

f.      a signature color scheme with white, black, gold or pink coloration of the body, orange coloration of the bill/beak and the described coloration of other facial features; and

g.      an overall flexibility and smooth texture.

18.     The Swan Trade Dress elements are non-functional, as they are not essential (even from an aesthetic standpoint) to the use, purpose, cost or quality of the inflatable pool toy product.  This is because there is no necessity, whether for use of the pool toy product or for its evocation of a swan or other bird, that a pool toy have: a circular or elliptical body shape with a

recessed center configuration; vertical inclination of the neck projecting from the body's periphery; a dark-bordered bill/beak and dark-edged eyes which flow into the dark-bordered bill/beak; elongated tubular appendages at the body's sides; conical protuberances on the appendages; a conical upwardly inclined object at the location of a tail; and the signature color scheme.

19.     The Swan Trade Dress is inherently distinctive has moreover acquired secondary meaning at least to the extent that it has become the subject of copying by many competitors in the inflatable pool product market.

20.     The GIANT SWAN® packaging, which as explained previously, also includes the distinctive elements of the Swan Trade Dress, is shown below.



21.     As shown above, the distinctive Swan Trade Dress:

        a.      appears from a depiction of the inflatable swan product visible on the

packaging; and

       b.    is juxtaposed with the GIANT SWAN brand name on the upwardly facing front panel, with the words "GIANT SWAN" in white text on a blue background; and

       c.    is also proximate the GIANT SWAN brand name on the side panels.

22.    The Swan Trade Dress as described in the preceding passages, and as appears from the foregoing products and on their packaging, is not functional, but rather is decorative, distinctive and serves as a source identifier.

23.    ILP has created and promoted its Swan Trade Dress at considerable expense. With regard to ILP's inflatable pool toy product line in particular, ILP has made significant investment in research and development to develop an inflatable pool toy product design and corresponding packaging with ornamental features that are distinctive, memorable and appealing to consumers.

24.    As a result of ILP's work in developing the unique Swan Trade Dress, and its extensive investment for years in large scale, national advertising campaigns to promote the Swan Trade Dress and GIANT SWAN® pool toy product line, consumers have come readily to associate the Swan Trade Dress with, and rely on it to identify, inflatable pool toy products of the highest quality that originate from a single source. ILP's continued and extensive use of the Swan Trade Dress has built up substantial goodwill and consumer brand loyalty.

**ILP'S Inflatable Toy Pizza Slice**

25.    ILP is the owner of all right, title and interest in the proprietary trade dress and decorative design features adorning its inflatable pizza slice pool toy product ("Pizza Slice Design"), used in promoting and selling the Pizza Slice inflatable pool toy. The Pizza Slice inflatable pool toy design comprises artistic and fanciful elements displayed in a manner such

that they individually and in combination create a highly distinctive appearance which is readily identifiable by consumers as signifying a product originating with ILP and/or associated with the source or quality level of the Pizza Slice product.

26.     In or around 2014, ILP introduced the Pizza Slice inflatable pool toy.  ILP's Pizza Slice pool toy has consistently been a market leader in the field.  In the more than four (4) years since introducing the toy, ILP has built substantial brand awareness and goodwill in its Pizza Slice inflatable pool toy through, among other things, extensive advertising, promotional efforts and sales.  In addition, in at least the last two years, ILP's Pizza Slice inflatable pool toy has received unsolicited publicity and reviews, and has been copied by other manufacturers and distributors.

27.     The artistic and fanciful elements constituting ILP's Pizza Slice Design are incorporated directly in the inflatable products, depicted in advertising of the products, and displayed on the packaging that ILP has used for its Pizza Slice pool toy.

28. The Pizza Slice pool toy is shown below:



29.     As appears from such image in Paragraph 28, the Pizza Slice inflatable pool toy

design comprises distinctive elements in a distinctive arrangement; they are both individually and collectively ornamental and do not serve any functional purpose, but rather adorn the elongate triangular shaped slice of pizza in the paragraph 28 image, to wit:

       a.  the brown border comprising the short leg of the triangular shape, the border having four thicker and three narrower portions alternated to give an undulating appearance, with two of the thicker portions and opposite ends of the border;

       b.  the spatial arrangement of seven (7) brown circles in two groups, the first having four circles in an elongated diamond shape and positioned transversely at the thicker end of the triangle, the second having three circles arranged in an inverted triangle and positioned near the point of the triangle;

       c.  two indentations placed transversely between the diamond-shaped group of four brown circles and the triangular group of three brown circles;

       d.  at the periphery of the diamond-shaped group of four brown circles, four black round circles, four green arcs, two bracketing the far right brown circle, and two bracketing the far left brown circle; and three tan-colored elements, one adjacent the far right brown circle, and one adjacent the top central brown circle;

       e.  to the right of the inverted triangle-shaped group of brown circles, two black round circles, with one being slightly below the triangle; two green arcs, one in the center of the triangle and the other above the left vertex of the triangle; and one adjacent the left-hand leg of the triangle; and

       f.  four white, round circular objects with attached leads, two located on each of the longer legs of the pizza slice.

       30.    The Pizza Slice Design elements are non-functional, as they are not essential

(even from an aesthetic standpoint) to the use, purpose, cost or quality of the inflatable pool toy product.  This is because there is no necessity, whether for use of the pool toy product or for its evocation of a slice of pizza, that a pool toy have: a brown border having an undulating thickness;  seven brown circles in respectively an elongate diamond shape and an inverted triangular  shape; four black circles, four green crescents and three tan-colored elements arranged at specific locations in or around the diamond shape; two black circles, two green crescents and one tan-colored element arranged specifically in or around the inverted triangle shape.

31.     The Pizza Slice Design is distinctive, and has more over acquired secondary meaning at least to the extent that it has become copied by many competitors in the inflatable pool toy product market.

32.     The Pizza Slice Design as described in the preceding paragraphs, and as appears from the foregoing product, is not functional, but rather is decorative, distinctive and serves as a source identifier.

33.     ILP has created and promoted its Pizza Slice inflatable pool toy at considerable expense.  Thus, ILP has made significant investment in research and development to develop an inflatable pool toy product design and corresponding packaging with ornamental features that are distinctive, memorable and appealing to consumers.

34.     As a result of ILP's work in developing the Pizza Slice Design, and its extensive investment for years in large scale, national advertising campaigns to promote the Pizza Slice inflatable pool toy, consumers have come readily to associate the Pizza Slice Design with, and rely on it to identify, inflatable pool toy products of the highest quality that originate from a single source.  ILP's continued and extensive use of the Pizza Slice Design has built up substantial goodwill and consumer brand loyalty.

**Defendants' Infringing Products**

35.     Defendants sell or otherwise market inflatable swan and inflatable pizza slice pool toy products online through the website "floatiekings.com," and through other online outlets, under the brand name Floatie Kings®, a registered trademark owned by defendant Johansson. More specifically, such products are marketed as "Floatie Kings: White Swan Pool Float," "Floatie Kings: Black Swan Pool Float," "Floatie Kings: Pink Swan Pool Float," and as "Floatie Kings: Inflatable Pizza Pool Float" ("the Accused Products").

36.     Defendants' inflatable pool toy products compete directly with Swan and Pizza Slice inflatable pool toy products.  For example, the Parties' inflatable pool toy products are sold side by side through the online outlets such as "Amazon."

37.     More importantly, and giving rise to the claims set forth herein, the Defendants' aforementioned products appropriate the ILP Swan Trade Dress, the Pizza Slice Trade Dress, and associated goodwill that ILP has built in each.

38.     For instance, Defendants' inflatable swan pool toy products are replicas of ILP's inflatable swan pool toy products, and copy nearly every distinctive feature of the Swan Trade Dress.  Defendants' inflatable white swan pool toy product is shown below:



35.    Defendants' inflatable swan pool toy products infringe the Swan Trade Dress in at least inasmuch as they feature:

a.    a circular or elliptical inflatable base with a recessed interior, the base being of a height in proportion to the circumference of the base to provide a pleasing appearance, which simulates ILP's element "a," paragraph 17;

b.    an upright "neck" portion placed on the periphery of the base, the neck having a particular thickness and height in aesthetic proportion to the base, which simulates ILP's element "b," paragraph 17;

c.    the neck also having on its upper end a stylized depiction of the head and face of a swan, the head and face further consisting of two dark-edged eyes and a dark bordered bill or beak with the dark edging of the eyes flowing into the dark border of the bill or beak, which simulates ILP's element "c," paragraph 17;

d.    two stylized appendages located on opposite sides of the base, the

appendages being generally of an elongated, tubular shape with a height and thickness in aesthetic proportion to the base, the stylized appendages being instead of a bird's wings, which simulates ILP's element "d," paragraph 17;

       e.     a conical protuberance extending upwardly from the circumference of the base opposite to the neck, which simulates ILP's element "e," paragraph 17;

       f.   a color scheme like ILP's, and

       g.   an overall flexibility and smooth texture.

40.     In addition, Defendants' inflatable pizza slice pool toy product is at least a replica of ILP's Pizza Slice inflatable pool toy, which copies nearly every creative and artistic element of the Pizza Slice Trade Dress.  Defendants' inflatable pizza slice pool toy product is shown below:



41.     Defendants' inflatable pizza slice pool toy product copies the artistic design elements of ILP's Pizza Slice inflatable pool toy in at least inasmuch as they feature:

      an elongate triangular shape that resembles a slice of pizza, to wit:

a.   a brown border comprising the short leg of the triangular shape, the border having four thicker and three narrower portions alternated to give an undulating appearance, with two of the thicker portions and opposite ends of the border;

b.   seven (7) brown circles in two groups, the first having four circles in an elongated diamond shape and positioned transversely at the thicker end of the triangle, the second having three circles arranged in an inverted triangle and positioned near the point of the triangle;

c.   two indentations placed transversely between the diamond-shaped group of four brown circles and the triangular group of three brown circles;

d.   at the periphery of the diamond-shaped group of four brown circles, four black round circles, four green arcs, two bracketing the far right brown circle, and two bracketing the far left brown circle; and three tan-colored elements, one adjacent the far right brown circle, and one adjacent the top central brown circle;

e.   to the right of the inverted triangle-shaped group of brown circles, two black round circles, with one being slightly below the triangle; two green arcs, one in the center of the triangle and the other above the left vertex of the triangle; and one adjacent the left-hand leg of the triangle;

f.   four white, round circular objects with attached leads, two located on each of the longer legs of the pizza slice.

**Harm to ILP**

42.    ILP's Swan Trade Dress and Pizza Slice Design are distinctive identifiers of the source and high quality of ILP's inflatable pool toy products.

43.    The designs which respectively adorn Defendants' inflatable swan and inflatable pizza slice pool toy products infringe ILP's exclusive rights in its Swan Trade Dress and Pizza

Slice Design, and dilutes the distinctiveness of such trade dress and design.

44.    Defendants' copying of the Swan Trade Dress and Pizza Slice Design is without authorization.  By copying ILP's Swan Trade Dress and Pizza Slice Design, Defendants' have made, promoted, distributed and sold inflatable swan and pizza slice pool toy products the appearance of which has caused, and will in the future give rise to a likelihood of confusion among consumers, and to the inaccurate belief that the Defendants' products are somehow connected with the source or conform to the quality of ILP's pool toy products.

45.    By copying the Swan Trade Dress and Pizza Slice Design, Defendants have intended and will continue to intend the importation of a false suggestion to consumers that some connection exists between Defendants or their products and ILP or its products.

46.    Defendants' actions have been deliberate, willful and intentional, undertaken in bad faith and with the aim of trading on the goodwill and reputation of ILP and its distinctive Swan Trade Dress and Pizza Slice Design, with full knowledge and in conscious disregard of ILP's rights.

47.    Defendants' unlawful actions are having and will continue to have a substantial and adverse effect on commerce in the United States.

## FACTUAL ALLEGATIONS RELATING TO COPYRIGHT

48.  In 2014, ILP created an original art work fixed in a tangible medium of expression, which was first published on September 1, 2014 and titled "Pool Pizza Slice."  An image of the copyrighted work is displayed in Paragraph 28, above.  Plaintiff is the exclusive owner of the copyright for its Pool Pizza Slice.

49.  Between December 29, 2016 and July 28, 2017, ILP applied to the U.S. Copyright Office for copyright protection of its Pool Pizza Slice, and received a Certificate of Registration

Number VA 2-059-110, effective December 29, 2017.

50.  Since December 29, 2016, ILP has published all copies of its Pool Pizza Slice in compliance with the copyright laws and has remained the sole owner of the copyright.

51.  After the effective date of the copyright, Defendants infringed the copyright by copying, selling and otherwise distributing their inflatable pizza slice pool toy, which was copied largely from ILP's, and which displays ILP's Pool Pizza Slice imagery.  An image of Defendants' inflatable pizza slice pool toy is displayed in Paragraph 40, above.

52.  Defendants' inflatable pizza slice pool toy design is substantially similar to ILP's Pool Pizza Slice design.

53.  At no time did ILP authorize Defendants to reproduce, adapt or distribute their inflatable pizza slice pool toy bearing the protected imagery.

54.  ILP has notified the Defendants in writing of the infringement.

55.  The Defendants continue to infringe the copyright by continuing to advertise, sell and otherwise distribute their infringing inflatable pizza slice pol toy, thus causing irreparable damage.

56.  By reason of Defendants' infringement and threatened infringement, ILP has sustained and will continue to sustain substantial injury, loss and damage to their ownership rights in the copyrighted work.

## COUNT ONE
### (Federal Trade Dress Infringement)

57.  ILP incorporates by reference and repeats the allegations in the foregoing paragraphs as if fully set forth herein.

58.  ILP is the owner of all rights and title to the distinctive Swan Trade Dress and Pizza Slice Design.

59.     Defendants' distribution, sale and other marketing of its inflatable swan and pizza slice pool toy products as aforesaid ("Accused Products"), in interstate commerce is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendants with ILP or as to the origin, sponsorship, or approval by ILP of Defendants' goods, services or commercial activities.

60.     Defendants' distribution, sale and other marketing of the Accused Products enable Defendants to benefit unfairly from the reputation and success of ILP's products and source-indicative Swan Trade Dress and Pizza Slice Design, thereby giving the Accused Products commercial value that they would not otherwise have.

61.     Defendants' actions constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

62.     Defendants' actions have caused, and will continue to cause, irreparable harm to ILP, unless preliminarily and permanently enjoined.

63.     Furthermore, Defendants have realized a profit, and will continue to realize a profit, from their unlawful actions.  Defendants' unlawful actions have caused, and will continue to cause, ILP monetary damage in amounts to be determined at trial.

## COUNT TWO
### (Federal False Designation of Origin)

64.     ILP incorporates by reference and repeats the allegations in the foregoing paragraphs as if fully set forth herein.

65.     ILP is the owner of all rights and title to the distinctive Swan Trade Dress and Pizza Slice design.

66.     Defendants' distribution, sale and other marketing the Accused Products are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or

association of Defendants with ILP or as to the origin, sponsorship, or approval by ILP of Defendants' goods, services or commercial activities.

67.     Defendants' distribution, sale or other marketing of the Accused Products in interstate commerce enable Defendants to benefit unfairly from the reputation and success of ILP's products and source-indicative Swan Trade Dress and Pizza Slice Design, thereby giving the Accused Products commercial value that they would not otherwise have.

68.     The acts of Defendants as complained of herein regarding both the Swan Trade Dress and Pizza Slice Design constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

69.     Defendants' actions have caused, and will continue to cause, irreparable harm to ILP, unless preliminarily and permanently enjoined.

70.     Furthermore, Defendants have realized a profit, and will continue to realize a profit, from their unlawful actions.  Defendants' unlawful actions have caused, and will to cause, ILP monetary damage in amounts to be determined at trial.

## COUNT THREE
### (Federal Unfair Competition)

71.     ILP incorporates by reference and repeats the allegations in the foregoing paragraphs as if fully set forth herein.

72.     Defendants' distribution, sale and other marketing the Accused Products are likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendants with ILP or as to the origin, sponsorship, or approval by ILP of Defendants' goods, services or commercial activities.

73.     Defendants' distribution, sale or other marketing of the Accused Products in interstate commerce enable Defendants to benefit unfairly from the reputation and success of

ILP's products and source-indicative Swan Trade Dress and Pizza Slice Design thereby giving the Accused Products commercial value that they would not otherwise have.

74.    Defendants' actions constitute unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

75.    Defendants' actions have caused, and will continue to cause, irreparable harm to ILP, unless preliminarily and permanently enjoined.

76.    Furthermore, Defendants have realized a profit and will continue to realize a profit from their unlawful actions.  Defendants' unlawful actions have caused, and will continue cause, ILP monetary damage in amounts to be determined at trial.

**COUNT FOUR**
**(Federal Dilution)**

77.    ILP incorporates by reference and repeats the allegations in the foregoing paragraphs as if fully set forth herein.

78.    ILP's Swan Trade Dress is famous.

79.    Defendants' distribution, sale and other marketing in interstate commerce of inflatable swan and other pool toy products that simulate the Swan Trade Dress is likely to dilute the distinctiveness of ILP's Swan Trade Dress.

80.    Defendants' actions constitute dilution by blurring, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

81.    Defendants' actions have caused, and will continue to cause, irreparable harm to ILP, unless preliminarily and permanently enjoined.

82.    Furthermore, Defendants have realized a profit, and will continue to realize a profit, from their unlawful actions.  Defendants' unlawful actions are causing and will cause ILP money damage in amounts to be determined at trial.

## COUNT FIVE
### (Federal Copyright Infringement)

83.     ILP incorporates by reference and repeats the allegations in the foregoing paragraphs as if fully set forth herein.

84.     ILP is the owner of all rights and title to the copyrighted Pool Pizza Slice imagery.

85.     Defendants have engaged and continue engage in the unauthorized reproduction, distribution, sale and other marketing of its inflatable pizza slice pool toy products as aforesaid, in interstate commerce.  As a result, Defendants are liable for copyright infringement of ILP's exclusive rights under 17 U.S.C. §101 *et seq.*

86.     As a direct and proximate result of Defendants' infringement of ILP's copyright, ILP is entitled to its actual damages as well as Defendants' profits from the infringement, as will be proven at trial pursuant to 17 U.S.C. §504(b).  Alternatively, ILP is entitled to maximum statutory damages the amount of $150,000 per infringement, pursuant to 17 U.S.C. §504(c), of for such amount as may be proper under 17 U.S.C. §504(c).

87.     Defendants' actions have caused, and will continue to cause, irreparable harm to ILP, unless preliminarily and permanently enjoined under 17 U.S.C. § 502.

88.     Furthermore, ILP is entitled to attorneys' fees and costs pursuant to 17 U.S.C. §505.

## COUNT SIX
### (State/Common Law Trade Dress Infringement)

89.     ILP incorporates by reference and repeats the allegations in the foregoing paragraphs as if fully set forth herein.

90.     ILP has valid and enforceable common law trademark rights in its Swan Trade

Dress and Pizza Slice Design.

91.     Defendants have wrongfully and without ILP's consent copied and colorably imitated ILP's Swan Trade Dress and Pizza Slice Design in connection with the sale, offer for sale and advertising in interstate commerce of the Accused Products which is likely to cause confusion or mistake or deceive as to the source of origin of the Accused Products.

92.     Defendants have wrongfully and without ILP's consent copied and colorably imitated ILP's Swan Trade Dress and Pizza Slice Design in or on, among other things, websites, labels, packages and wrappers intended to be used in connection with the distribution, sale or other marketing of the Accused Products in the State of New York.

93.     Defendants' conduct, as described herein, constitutes trademark infringement in violation of N.Y. Gen. Bus. Law §§ 360 *et seq.* and § 360-o.

94.     Defendants' actions have caused, and will continue to cause, irreparable harm to ILP, unless preliminarily and permanently enjoined.

95.     Furthermore, Defendants' have realized a profit, and will continue to realize a profit, from their unlawful actions.  Defendants' unlawful actions are causing and will continue to cause ILP monetary damage in amounts to be determined at trial.

## COUNT SEVEN
### (State Law Dilution)

96.     ILP incorporates by reference and repeats the allegations in the foregoing paragraphs as if fully set forth herein.

97.     ILP's Swan Trade Dress is famous in the State of New York and was famous in this State before Defendants' wrongful conduct described herein.

98.     Defendants' wrongful copying and use of the Swan Trade Dress via distribution, sale and other marketing of the Accused Products dilutes the distinctive qualities of the famous

mark corresponding to the Swan Trade Dress.

99.     Defendants have willfully and deliberately copied and used the Swan Trade Dress in order to trade on the goodwill and reputation associated with ILP's famous mark.

100.     Defendants' conduct, as described herein, constitutes dilution in violation of N.Y. Gen. Bus. Law §360-e.

101.     Defendants' actions have caused, and will continue to cause, irreparable harm to ILP, unless preliminarily and permanently enjoined.

102.     Furthermore, Defendants have realized a profit and will continue to realize a profit, from their unlawful actions.  Defendants' unlawful actions have caused and will continue to cause, ILP monetary damage in amounts to be determined at trial.

## COUNT EIGHT
### (Unjust Enrichment)

103.     ILP incorporates by reference and repeats the allegations in the foregoing paragraphs as if fully set forth herein.

104.     By wrongfully misappropriating the goodwill ILP has developed in its Swan Trade Dress and Pizza Slice Design through copying or other colorable imitation thereof via distribution, sale or other marketing of the Accused Products, Defendants have been unjustly enriched to the material detriment of ILP.

105.     Defendants' actions have caused, and will continue to cause, irreparable harm to ILP, unless preliminarily and permanently enjoined.

106.     Furthermore, Defendants have realized a profit, and will continue to realize a profit, from their unlawful actions.  Defendants' unlawful actions have caused and will continue to cause ILP monetary damage in amounts to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, ILP prays for relief against Defendants as follows:

a.      That Defendants, their servants, agents, employees, and all those in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from:

(i)      using in any manner, on or in connection with any of Defendants' inflatable swan and other pool toy products, the Swan Trade Dress or any trade dress design that is identical or substantially similar thereto:

(ii)     using in any manner, on or in connection with any of Defendants' inflatable pizza slice and other pool toy products, the Pizza Slice Design or any trade dress or design that is identical or substantially similar thereto:

(iii)    using in any manner, on or in connection with any of Defendants' inflatable swan and other pool toy products, the Swan Trade Dress, or any trade dress or design that is likely to cause confusion, deception, or mistake or that dilutes or is likely to dilute the distinctive quality of the Swan Trade Dress;

(iv)     using in any manner, on, or in connection with any of Defendants' inflatable pizza slice and other pool toy products, the Pizza Slice Design or any trade dress design that is likely to cause confusion, deception, or mistake or that dilutes or is likely to dilute the distinctive quality of the Pizza Slice Design;

(v)      using in any manner, on or in connection with any of Defendants' inflatable swan and other pool toy products, any of the following Swan Trade Dress elements, alone or in combination, in a manner that is likely to cause confusion, deception, or mistake or that dilutes or is likely to dilute the distinctive quality of ILP's Swan Trade Dress:

a.      a circular or elliptical periphery and recessed interior configuration of an inflatable base;

b.      a substantially vertical inclination and straight line of a "neck" portion projecting from the periphery of the base;

c.      a stylized depiction of the head including the face of a bird, having two eyes each with a dark periphery and a bill or beak with a border that merges with the periphery of the eyes;

d.      stylized appendages located on opposite sides of the base;

e.      a conically shaped tail on the base opposite the neck;

f.      the Swan Trade Dress signature color scheme; and

g.      a smooth and flexible texture.

(vi)     using in any manner, on or in connection with any of Defendants' inflatable pizza slice and other pool toy products, any of the following Pizza Slice Design elements, alone or in combination, in a manner that is likely to cause confusion, deception, or mistake or that dilutes or is likely to dilute the distinctive quality of ILP's Pizza Slice Design:

a.      an elongate triangular shape having a brown border on the shorter side with alternating thicker and narrower portions;

c.      seven (7) brown circles arranged in a first group of four in an elongated diamond shape and a second group of three (3) in an inverted triangle shape;

d.      indentations located between the two groups of brown circles;

e.      black round circles, green arcs and tan-colored elements bracketing or placed around or between the brown circles;

f.      four white, round circular objects with attached leads the longer sides of the pizza elongate triangle.

(vii)    passing off, or inducing or enabling others to sell Defendants' inflatable

swan or pizza slice pool toy products as and for products from the same source as ILP's, or not produced under the control and supervision of ILP and approved by ILP for the sale under the Swan Trade Dress or Pizza Slice Design;

(viii)    engaging in any other conduct that tends falsely to represent, or is likely to confuse, mislead, or deceive purchasers, including Defendants' customers and/or other members of the public, to believe that Defendants or their inflatable swans or inflatable pizza slice pool toy products are sponsored, approved, or licensed by ILP, or are in some way connected or affiliated with ILP;

(ix)    diluting the Swan Trade Dress and otherwise damaging ILP's good will associated therewith;

(x)    using any reproduction, counterfeit, copy or colorable imitation of the swan Trade Dress or Pizza Slice Design or element thereof in connection with publicity, promotion, offer to sell, marketing, distribution, or advertising of Defendants' inflatable swan and inflatable pizza slice pool toy products;

(xi)    destroying any records documenting the manufacture, sale, offer to sell, distribution, location, or receipt of Defendants' inflatable swan and inflatable pizza slice pool toy products; and

(xii)    assisting, aiding or abetting any other person or business entity in engaging in any of the acts delineated in preceding subparts (i)-(xi).

(b)    that Defendants be required to deliver to the Court for destruction, or show proof of destruction of any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendants' possession or control that are found to embody or display in an infringing manner the Swan Trade Dress or Pizza Slice Design or any element thereof, and any

molds, dies, screens, or other devices to produce same;

(c)    that Defendants be ordered to notify their and any affiliates' customers, in writing, that they may not sell Defendants' inflatable swan or inflatable pizza slice pool toy products that are found to embody or display in an infringing manner the Swan Trade Dress or Pizza Slice Design or any element(s), and that said customers are to impound and return all units of the products to Defendants;

(d)    that Defendants be ordered to file with this Court and to serve upon ILP, within thirty (30) days after entry and service on Defendants of the requested injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

(e)    that ILP de awarded all damages sustained as a result of Defendants' unlawful activities aforesaid and that said damages be enhanced;

(f)    that an accounting be directed to determine Defendants' profits resulting from their and their affiliates' unlawful activities and that such profits be paid over to ILP, increased as this Court finds to be just under the circumstances of this case;

(g)    on Count V, for Defendants' profits attributable to the infringement of ILP's copyright, and for actual damages sustained by reason of Defendants' wrongful acts in an amount to be determined at trial, or alternatively, at ILP's election, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

(h)    that ILP recover its reasonable attorneys' fees;

(i)    that ILP recover punitive damages and its costs of this action, together with prejudgment and post-judgment interest; and

(j)      that ILP recover such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

ILP demands a trial by jury of all issues so triable.

Dated:  August 14, 2017                    WARE, FRESSOLA, MAGUIRE & BARBER LLP


By:  _____*/s/ Brian L. Wamsley*_____
                    Brian L. Wamsley
                    Ware, Fressola, Maguire & Barber LLP
                    755 Main Street, P.O. Box 224
                    Monroe, CT  06468
                    Telephone:  (203) 261-1234
                    Facsimile:  (203) 261-5676
                    blw@warefressola.com

                    *Attorneys for Plaintiff*

## **CERTIFICATION PURSUANT TO L.Civ.R. 11.2**

I certify that to the best of my knowledge, information and belief the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.


<u>       */s/ Brian L. Wamsley*       </u>
Brian L. Wamsley

Dated:  August 14, 2017